# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 19-986V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
ALEXANDER PRAGUE,                        *
                                         *        Chief Special Master Corcoran
                Petitioner,              *
                                         *        Dated: January 31, 2022
v.                                       *
                                         *
                                         *
                                         *
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
                Respondent.              *
                                         *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.

*Naseem Kourosh*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On July 10, 2019, Lauretta Prague filed a petition on behalf of Alexander Prague seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] and alleging that the Trumenba (meningococcal B) and Menactra (meningococcal) vaccines ("meningococcal vaccines") Mr. Prague received on July 16, 2016, caused him to suffer from vaccine-induced chronic migraine headaches, either "caused-in-fact" or significantly aggravated by the meningococcal vaccines. The caption was later amended to make Mr. Prague the Petitioner.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

This matter was originally assigned to a different special master, but reassigned to me on January 28, 2021. ECF No. 28. Respondent contested entitlement. *See* Rule 4(c) Report, dated May 4, 2021 (ECF No. 32). I ordered Petitioner earlier in the winter to file an expert report in support of the claim, leading to multiple requests for extensions of time to so act. I repeatedly granted those requests, although I noted in the fall that the report was due in mid-November, and that (given how much time had passed) no further extensions would be permitted. Docket Entry Order, dated Oct. 12, 2021.

On the day the report was due, counsel offered a status report indicating that he had not been able to confer with his client. Status Report, dated Nov. 10, 2021 (ECF No. 39). I therefore ordered Petitioner to either request the case's dismissal or move for a ruling on the record in his favor. Docket Entry Order, dated Nov. 12, 2021. Petitioner subsequently filed another status report indicating (again) counsel's inability to confer with Petitioner. Status Report, dated Jan. 6, 2022, at 1 (ECF No. 40). I therefore ordered Petitioner to show cause why the case should not be dismissed for failure to comply. Order, dated Jan. 10, 2022 (ECF No. 41).

Petitioner has now filed an Unopposed Motion to Dismiss. Motion, dated Jan. 28, 2022 (ECF No. 42). In it, Petitioner requests a decision dismissing the claim based on the assessment that he is unlikely to be able to meet the burden of proof required in the Vaccine Program, and acknowledging that a decision dismissing the Petition will result in a judgment ending all his rights in the Vaccine Program. He has also expressed the intent to protect his rights to file a civil action in the future, and thus (pursuant to 42 U.S.C. § 300aa-21(a)(2)) to elect to reject the Vaccine Program judgment against him and elect to file a civil action at the appropriate time. *Id.* at 2.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because they have determined that the claim cannot succeed, or simply because they choose not to continue with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at \*1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage

of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.